IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KENNARD WESLEY, | * |
| Plaintiff, | * |
| v. | *   Civil Action No. PX-23-400 |
| M.T.C. DENTIST, | * |
| Defendant. | * |

\*\*\*

## MEMORANDUM ORDER

Self-represented Plaintiff Kennard Wesley, who is incarcerated at the Metropolitan Transition Center ("MTC") in Baltimore, Maryland, filed the above-captioned action pursuant to 42 U.S.C. § 1983, alleging that a dentist at MTC was negligent in failing to stitch his gums following dental surgery. ECF No. 1. Wesley moved to proceed in forma pauperis (ECF No. 2) which will be granted. But for the reasons discussed below, the Complaint must be dismissed.

Wesley filed this Complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Wesley's sole allegation is that the MTC dentist was negligent in failing to properly stitch his gums following surgery. ECF No. 1 at 2-3. But a provider's negligence or malpractice is legally insufficient to state a claim for a constitutional denial of adequate medical care. *Donlan v. Smith*, 662 F.Supp. 352, 361 (D. Md. 1986) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Rather, to state such a claim construed under the Eighth Amendment to the United States constitution barring cruel and unusual punishment, the Complaint must make plausible that the provider failed to address the detainee's serious medical need with deliberate indifference. *Russell*

*v. Sheffer*, 528 F.2d 318, 318 (4th Cir. 1975).  Relevant here, "[d]eliberate indifference is more than mere negligence, but less than acts or omissions done for the very purpose of causing harm or with knowledge that harm will result."  *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016).  Because the Complaint avers no more than mere negligence, it must be dismissed.

Nor can Wesley proceed on a common law negligence claim in this Court.  A federal court may hear state common law claims only if the court maintains diversity jurisdiction.  Pursuant to 28 U.S.C. § 1332, diversity jurisdiction exists when the parties are of diverse citizenship and the amount in controversy exceeds $75,000.  *See Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988); *McDonald v. Patton*, 240 F.2d 424, 425-26 (4th Cir. 1957).  Nothing in the Complaint suggests that Wesley and the named defendant enjoy complete diversity of citizenship.  *See Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998).  Rather, at best the Complaint suggests that both parties are citizens of Maryland.  Because this Court lacks jurisdiction over the common law claim, it shall be dismissed without prejudice.[1]

Accordingly, it is this 6th day of April, 2023, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Complaint IS DISMISSED;

2. The Motion for Leave to Proceed in Forma Pauperis (ECF No. 2) IS GRANTED;

3. The Clerk SHALL MAIL a copy of this Order to Wesley; and

4. The Clerk SHALL CLOSE this case.

/S/
_____
Paula Xinis
United States District Judge

---

[1] Additionally, should Wesley wish to pursue a future medical malpractice claim, he must follow the Maryland Health Care Malpractice Claims Act, Md. Code Ann., Cts. & Jud. Proc. § 3-2A-01, *et seq.*, which requires a plaintiff to file medical negligence claims first with the Health Care Alternative Dispute Resolution Office before filing suit where the claim for damages exceeds the jurisdictional amount for the state district courts.  *See id.* at § 3-2A-02; *see also Roberts v. Suburban Hosp. Assoc., Inc.*, 73 Md. App. 1, 3 (1987).